IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUITA M. JAMES and<br>TIFFANY N. JACKSON, | * <br> * <br> * | |
| Plaintiffs, | * <br> * | |
| vs. | * <br> * <br> * <br> * | No. 4:08cv004227 SWW |
| ST. FRANCIS COUNTY COMMUNITY<br>DEVELOPMENT CORPORATION et al., | * <br> * <br> * | |
| Defendants. | * | |

ORDER

This is a case of alleged employment discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as well as 42 U.S.C. §§ 1981, 1983, 1985, and the 14th Amendment to the Constitution of the United States. On May 22, 2009, the federal defendants – Opal Sims, Katherine W. Kores, Wanda C. Milton and Gloria J. Jordan – filed a motion to dismiss [doc.#12]. By Order entered June 15, 2009 [doc.#15], this Court granted the federal defendants' motion to dismiss, noting *inter alia* that plaintiffs had not responded to the federal defendants' motion and the time for doing so had passed. The Court ruled as follows:

> Plaintiffs do not dispute that the complaint has been pending more than 120 days and that (1) Opal Sims, State Program Director for the Corporation of National and Community Service, a wholly-owned government corporation and an agency within the Executive Branch of the federal government, was not herself properly served with Summons and Complaint and the United States Attorney for the Eastern District of Arkansas and the Attorney General of the United States have not been served under Fed.R.Civ.P. 4(i)(1), (2), (3), and there is in any case lack of subject matter jurisdiction and a failure to exhaust administrative remedies, (2) service on Katherine W. Kores, District Director, Memphis District Office, Equal

>Employment Opportunity Commission ("EEOC"), a federal agency, is invalid as there was no service on the United States Attorney for the Eastern District of Arkansas and the Attorney General of the United States under Fed.R.Civ.P. 4(i)(1), (2), (3), and there is a lack of subject matter jurisdiction and failure to state a claim for relief under Fed.R.Civ.12(b)(6), and (3) service on Wanda C. Milton and Gloria J. Jordan, employed by the EEOC as Director and Investigator, respectively, in the Little Rock Area Office of the Memphis District, is invalid as there was no service on the United States Attorney for the Eastern District of Arkansas and the Attorney General of the United States under Fed.R.Civ.P. 4(i)(1), (2), (3) and there is a lack of subject matter jurisdiction and failure to state a claim for relief under Fed.R.Civ.12(b)(6).

On June 24, 2009, plaintiffs filed a motion to set aside Order. Plaintiffs argued they did not receive and were never served with a copy of the federal defendants' motion to dismiss and that in the interest of justice and fair play, this Court should set aside its Order of dismissal and allow plaintiff's reasonable time to respond to the federal defendants' motion to dismiss. In the alternative, plaintiffs asked that this Court allow them a reasonable amount of time in which to file a motion for reconsideration. The federal defendants responded to plaintiffs' motion to set aside Order, stating they had no objection to permitting plaintiffs to file a motion for reconsideration and response to the federal defendants' motion to dismiss.

On July 7, 2009, prior to this Court ruling on plaintiffs' motion to set aside Order, plaintiffs filed a response to the federal defendants' motion to dismiss. By Order entered July 10, 2009 [doc.#23], the Court denied as moot plaintiffs' motion to set aside Order and construed plaintiffs' response to the federal defendants' motion to dismiss as a motion for reconsideration of this Court's Order granting the federal defendants' motion to dismiss [doc.#15]. The Court directed the federal defendants to file a response to plaintiffs' response/motion for reconsideration within 14 days of the date of entry of the Order. The Federal defendants have timely responded to plaintiffs' response/motion for reconsideration.

The Court has considered the matter and denies plaintiff's motion for this Court to reconsider its Order granting the federal defendants motion to dismiss. Plaintiffs note that in addition to their official capacity, they are also suing the federal defendants in their individual capacity. Plaintiffs argue *inter alia* that their claims against federal defendants in their individual capacity should not be dismissed because there is no reason to require service on the United States in these circumstances and service of process was proper. To the contrary, a party wishing to serve a United States officer or employee individually in connection with duties performed on the government's behalf must "serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed.R.Civ.P. 4(i)(3). Here, plaintiffs' complaint has been pending well over 120 days and they have not served the United States pursuant to Rule 4(i)(3). In addition, the Court agrees with the government in its response to plaintiffs' motion for reconsideration and as previously found by this Court that subject mater jurisdiction is lacking as to the federal defendants.[1] Plaintiffs simply have not presented any argument or evidence that would call into question this Court's Order dismissing the federal defendants.

IT IS SO ORDERED this 7th day of August 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs argue that Opal Sims is a state employee but the federal defendants deny that Sims is a state employee and plaintiffs have not presented anything to the contrary.